**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF | 6500 Cherrywood Lane |
| TIMOTHY J. SULLIVAN | Greenbelt, Maryland 20770 |
| UNITED STATES MAGISTRATE JUDGE | Telephone: (301) 344-3593 |

February 25, 2021

LETTER TO COUNSEL:

      RE:    *Angela S. v. Andrew M. Saul, Commissioner of Social Security*
                 Civil No. TJS-19-2849

Dear Counsel:

      On September 27, 2019, Plaintiff Angela S. petitioned this Court to review the Social Security Administration's final decision to deny her claim for supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 8 & 10. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      Angela S. protectively filed her application for SSI on March 14, 2016. Tr. 15. She alleged a disability onset date of January 1, 2015. *Id.* Her application was denied initially and upon reconsideration. *Id.* She requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") for a hearing on August 30, 2018. *Id.* In a written decision dated September 18, 2018, the ALJ found that Angela S. was not disabled under the Social Security Act. Tr. 15-24. The Appeals Council denied Angela S.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Angela S.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Angela S. has not engaged in substantial gainful activity since March 14, 2016, the alleged onset date. Tr. 17. At step two, the ALJ found that Angela S. suffered from the following severe impairments: obesity, hernia, attention deficit hyperactivity disorder (ADHD), bipolar, depression, and social anxiety disorder. *Id.* At step three, the ALJ found Angela S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 18-19. The ALJ determined that Angela S. retained the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Deborah L. Boardman. On October 14, 2020, it was reassigned to me.

      perform medium work as defined in 20 CFR 416.967(c), and she is limited to performing simple, routine and repetitive tasks but not at a production rate pace (e.g.- assembly line work), she is limited to simple work-related decisions, and she can have occasional contact with supervisors and co-workers and no contact with the public.

Tr. 19.

      At step four, relying on testimony provided by a vocational expert ("VE"), the ALJ determined that Angela S. is capable of performing past relevant work.[2] Tr. 22. Because Angela S. was capable of performing past relevant work the ALJ determined that she was not disabled. *Id.* Alternatively, at step five, again relying on the VE's testimony, and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Angela S. can perform, including sandwich maker, inspector/hand packer, garment folder, and lining inserter. Tr. 23-24. Accordingly, the ALJ found that Angela S. was not disabled under the Social Security Act. Tr. 24.

      Angela S. raises two arguments in this appeal: (1) the ALJ improperly assessed her RFC and (2) the ALJ improperly evaluated her subjective complaints. For the reasons that follow, I find that the ALJ failed to properly evaluate Angela S.'s RFC. Because remand is warranted on that basis, I decline to address Angela S.'s second argument.

      At step three, the ALJ determined that Angela S. has a moderate limitation "[w]ith regard to concentrating, persisting, or maintaining pace." Tr. 19. In making this finding, the ALJ pointed to mixed evidence regarding Angela S.'s limitations in these areas. *Id.* On the one hand, Angela S. has been diagnosed with ADHD and treatment notes document her complaints with concentration. *Id.* But other evidence in the record indicates that on certain dates "her attention and concentration were intact," and one psychiatrist "did not find evidence of ADHD or concentration problems." *Id.* Angela S. does not challenge the ALJ's finding that she has moderate limitations with regard to concentration, persistence, and pace.

      Angela S. argues that the ALJ failed to account for her moderate limitations in these areas in the RFC. She cites *Mascio*, 780 F.3d at 638, where the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). She notes that to the extent that the

---

[2] The ALJ described the hypothetical individual to the VE as follows: "I'd like you to assume a hypothetical individual, the Claimant's age and education with the past jobs you described. Assume further, the individual is limited to -- and so we're going to start out – it's going to be no exertional limitations. However, limited to perform simple, routine, and repetitive tasks, but not a production rate pace. And limited to simple work-related decisions. And can have occasional contact with supervisors and co-workers. With no contact with the public." Tr. 54. The ALJ asked the same hypothetical to the VE with different exertional limitations. But the ALJ never defined the meaning of the term "production rate pace" in the hypothetical to the VE.

ALJ meant to account for her moderate limitations in concentration, persistence, and pace by limiting her to "simple, routine and repetitive tasks," the ALJ did not comply with *Mascio*. In *Mascio*, the court recognized that "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Angela S. argues that the ALJ was required to either incorporate her moderate limitations in concentration, persistence, and pace into the RFC or explain why they do not "translate into [such] a limitation." *Id.*; *see, e.g.*, *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the claimant's ability to sustain work throughout an eight-hour workday where the claimant had moderate limitations in concentration, persistence, and pace).

The Commissioner argues that the ALJ adequately accounted for Angela S.'s limitations in concentration, persistence, and pace by limiting her to simple, routine, repetitive work involving "only simple decisions and no production rate pace, such as assembly line work." ECF No. 10-1 at 15. The Commissioner relies on *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020), where the Fourth Circuit held that an ALJ "sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for [the claimant's] moderate limitations in concentration, persistence, and pace." The Commissioner argues that *Shinaberry* makes clear that *Mascio* does not state a per se rule requiring remand whenever an ALJ accounts for a claimant's limitations in concentration, persistence, and pace by limiting them to simple, routine, and repetitive tasks. *Id.* at 14.

Angela S. argues that the ALJ's use of the term "production rate pace" runs afoul of the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019). ECF No. 8-1 at 7-14. In that case, the court held that an ALJ's description of work "requiring a production rate or demand pace" failed to give the court "enough information to understand what those terms mean," making it impossible for the court to consider whether the RFC that incorporated those terms was supported by substantial evidence.

In this case, the ALJ did not define the term "production rate pace," but he did give an example of the type of work that requires a "production rate pace": assembly line work. Some courts have held that defining the term "production rate pace" with reference to assembly line work is sufficient. *Sheri S. v. Saul*, No. GLS-19-1924, 2020 WL 4579871, at *4 (D. Md. Aug. 7, 2020) ("[E]ven though "production-rate pace" is not an especially common phrase, by including the description, 'e.g. assembly line work' immediately thereafter . . ., the ALJ presented a logical bridge to support how the use of the phrase "production-rate pace" accounted for Plaintiff's ability to perform work."); *Nelson v. Saul*, No. 4:18-CV-163-D, 2019 WL 4748028, at *5 (E.D.N.C. Aug. 29, 2019) ("The present case is distinguishable . . . because here, the ALJ offered an explanation for what he meant by 'no production-rate or paced-rate work'—the ALJ wrote in a parenthetical, 'such as would be done on an assembly line.'"), *report and recommendation adopted,* No. 4:18-CV-163-D, 2019 WL 4747048 (E.D.N.C. Sept. 27, 2019); *Teresa B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2280, 2019 WL 2503502, at *2 (D. Md. June 17, 2019) ("[T]his case is distinguishable from *Mascio*, because the ALJ included an RFC provision limiting Plaintiff to 'no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other).'"). Other courts have held that describing work done at a "production rate pace" by reference to assembly line work is not

3

sufficient. *Cleta s. v. Saul*, No. CBD-19-2906, 2020 WL 6565250, at *5 (D. Md. Nov. 9, 2020); *Krystal Joy M. v. Saul*, No. TMD-19-2319, 2020 WL 7138741, at *4 (D. Md. Dec. 7, 2020).

The Court need not decide whether the ALJ's reference to "assembly line work" as an example of work performed at a "production rate pace" is by itself sufficient to permit this Court's review under *Thomas*. This is because the ALJ failed to describe "production rate pace" work to the VE at the hearing in this manner. At the hearing, the ALJ did not define what he meant by work performed at a "production rate pace." The Fourth Circuit has described the term "production rate pace" as not "especially common—certainly not common enough for us to know what [the term] mean[s] without elaboration." *Thomas*, 916 F.3d at 312. Here, the ALJ provided some elaboration of the meaning of the term in the written decision. But he provided no such elaboration to the VE during the hearing. "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). By failing to describe the meaning of the term "production rate pace" in his hypothetical to the VE the ALJ failed to account for all of the claimant's impairments, rendering the VE's testimony in response unreliable. *See Megan H. v. Saul*, No. DLB-19-1320, 2020 WL 7338080, at *3 (D. Md. Dec. 14, 2020) (finding that because a VE "responded to a question about a hypothetical claimant differing from plaintiff in pace capabilities," the ALJ relied on "'irrelevant and unhelpful' testimony in establishing work existing within the national economy within plaintiff's capabilities," and remand was warranted).

Because the ALJ did not adequately describe all of Angela S.'s impairments in the hypothetical to the VE, the Court's ability to conduct its review is frustrated. Even assuming that the ALJ's description of "production pace work" as the type of work performed on an assembly line is sufficient for the Court to understand the meaning of the term, there is no indication that this understanding was shared by the VE at the hearing. As such, even if the Court assumes that the ALJ's RFC sufficiently accounted for Angela S.'s moderate limitations in concentration, persistence, and pace, the Court is still unable to review the ALJ's findings at steps four and five. Because the VE provided testimony in response to a hypothetical that did not fairly account for all of Angela S.'s limitations, the VE's testimony is not "particularly useful." *Walker*, 889 F.2d at 51; *see Cleta S.*, 2020 WL 6565250, at *5 ("The Court finds it troubling that the ALJ attempted to clarify his use of the term 'production rate pace' for the first time in his written opinion, as meaning 'assembly line work.' This clarity was far too late.") (internal citation omitted).

The Court rejects the Commissioner's argument that that the ALJ's error is harmless. *See Megan H.*, 2020 WL 7338080, at *3 (citing *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.")); *see Jordan v. Berryhill*, No. 5:18-CV-00114-FDW, 2019 WL 1748545, at *3 (W.D.N.C. Apr. 18, 2019) ("The Fourth Circuit has repeatedly refused to hold as harmless error when the Court is left to guess about how the ALJ arrived at his conclusions.") (internal quotation marks omitted).

For the reasons set forth above, both parties' motions for summary judgment (ECF Nos. 8 & 10) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's

judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge